## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**GREGORY YOUNG.**

      **Petitioner,**            **Civ. No. 2:08-CV-707**
                                 **Crim. No. 2:04-CR-218**
    **v.**                          **Judge Sargus**
                                   **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## <u>ORDER and</u>
## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter is before the Court on the motion and supplemental memoranda  in support, Respondent's return of writ, Petitioner's reply, Respondent's response, Petitioner's traverse, and the exhibits of the parties.  Also before the Court are Petitioner's *Motion for Appropriate Action,* Doc. No.123, *Motion for Expansion of the Record,* Doc. No. 118, *Motion for Correction of Clerical Error,* Doc. No. 124, request for the appointment of counsel and polygraph examination and request to hold proceedings in abeyance, Doc. No. 90.  Respondent has also moved to strike Petitioner's supplemental brief as time-barred, *Response of United States to Defendant's Supplement to §2255 Petition,* Doc. No. 115.  For the reasons that follow, it is recommended that all new claims raised by Petitioner be **STRICKEN** as barred by the one-year statute of limitations and that the remainder of Petitioner's claims be **DENIED** as without merit.

## FACTS and PROCEDURAL HISTORY

Petitioner challenges his June 7, 2005, convictions, after a jury trial, on possession with

intent to distribute 50 grams or more of crack cocaine, and possession with intent to distribute 100

grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii); 18 U.S.C. § 2. Doc.

No 61.  The United States Court of Appeals for the Sixth Circuit summarized the facts of this case

as follows:

> In each count, the defendant was charged as both a principal and an aider and abettor.
>
> Young was observed engaging in erratic driving on U.S. Route 35 south of Chillicothe by a motorist who alerted the Ohio Highway Patrol by use of his cell phone. The Highway Patrol Officer stopped Young's vehicle. The stop eventually led to the discovery of crack cocaine and powder cocaine in the vehicle and on the person of Young who was driving the vehicle. Two passengers were in the vehicle, Price Day and a woman. When the troopers opened the door of Young's vehicle, they smelled a strong odor of marijuana. The vehicle was laden with crack cocaine and powder cocaine. A bag containing in excess of 53 grams of crack cocaine was protruding from underneath the driver's side floor mat. Eventually, a bag containing in excess 52 grams of cocaine powder was found between Young's abdomen and the elastic waistband on his trousers.
>
> A subsequent search of the trunk of Young's vehicle, based on a search warrant, led to the discovery of a "purplish colored plastic bag" with the name of "Deveroes" on it and containing clothing that fit the body type of Young rather than the other male, Price Day. In the bag, a loaded .40 caliber Glock firearm was discovered, as well as three bags containing, respectively, 54 grams of crack cocaine, 17 grams of cocaine powder, and 64 grams of cocaine powder.
>
> Young's attorney, in the opening statement, advanced the claim that the cocaine powder found on Young's person was for his own personal use.

*United States v. Young*, 243 Fed.Appx. 105, unpublished, 2007 WL 1958631, at *1 (6th Cir. July 3,

2007).  After a jury trial, Petitioner was found guilty as charged.  On March 23, 2006, the Court

imposed an aggregate prison term of 240 months plus five years supervised release.  Doc. Nos. 71,

72.  Petitioner filed a timely appeal in which he argued that the evidence was constitutionally

insufficient to sustain his convictions.[1]  On July 3, 2007, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions and sentence.  *United States v. Young,* 2007 WL 1958631.  On May 11, 2009, Petitioner filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses,  Doc. No. 94, which was denied on July 23, 2009,  Doc. Nos. 99, 100, 103.  On October 8, 2010, the United States Court of Appeals for the Sixth Circuit affirmed that denial.  *See* Doc. No. 110.

Meanwhile, on July 22, 2008, Petitioner sought, by way of a letter addressed to this Court, to vacate his sentence.  This letter was received by the Court as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. No. 85.  On October 6, 2008, Petitioner supplemented that motion with a form petition under 28 U.S.C. § 2255.  Doc. No. 86.  He asserted the following claims in that filing, which the Court will regard as Petitioner's operative filing:

>    1.  Evidence was insufficient to support the verdict.
>
>    Appellate attorney was ineffective when not responding to government's misleading statements of facts, and when he didn't obtain the traffic stop video, which proves the ass[istant] U.S. Attorney committed fraud upon the appeals court when she claimed "baking soda" was a "cutting" agent the lab tech. Testified it wasn't and didn't an[alyze] the substance, video also shows Price-Day wearing the same sweat suit as in bag.  Attorney Graeff admitted ineffectiveness.
>
>    2.  Evidence was insufficient to support constructive possession.
>
>    Government's use of perjured testimony and the exculpatory evidence withheld from the trial court and appellate courts amounted to misconduct and without the above no evidence exists to be used to support any type of possession.

---

[1]  Petitioner also raised a claim of ineffective assistance of counsel, but the Court of Appeals declined to address that claim as premature.  *United States v. Young*, 2007 WL 1958631, at *1 n.1.

3.     Government misconduct, use of perjured testimony and with[h]olding exculpatory evidence.

Government used perjured testimony by Tpr. Shaner and Det. Music, Mr. McDaniels to establish circumstantial case, also fabricated "probable cause" used staged photos, mislead the court and jury, didn't prove evidence stated in her opening statement, used false evidence to appellate court just to start with, also with[h]eld from Court truth of Ross Co. Deputies, cooperation, and proffer truth.

4.  Ineffective trial counsel(s)[.] Counsel Adam Ne[u]man admitted other crimes evidence in opening as well as fraud upon the Court.

***

5.  Ineffective Appellate counsel and sentencing counsel.

***

6.  Judge bias. . . .

Doc. No. 86.   Proceedings in this matter were stayed until October 19, 2010, when Petitioner's direct appeal was resolved.  *Order*, Doc. No. 106.  On November 17, 2010, Petitioner filed a *Brief in Support of § 2255,* in which he advanced additional claims for relief.  Doc.  No.114.

## REQUEST FOR APPOINTMENT OF COUNSEL AND POLYGRAPH EXAM

Petitioner requests the appointment of counsel to assist him in proving his actual innocence. Doc. No. 90.  The Sixth Amendment provides no right to the appointment of counsel in habeas corpus proceedings, which are considered to be civil in nature.  *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994)(citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964)). A federal court has the discretion to appoint counsel in a habeas proceeding where "the interests of justice so require."  18 U.S.C.A. § 3006(A)(2); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Moreover, under Rule 8(c) of the Rules Governing Section 2255 Proceedings, a court must appoint counsel if an evidentiary hearing is required to resolve a petitioner's claims.  This Court is not

4

persuaded that either the interests of justice or the need for an evidentiary hearing requires the appointment of counsel in this case.  *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)(no evidentiary hearing required where "the record conclusively shows that the petitioner is entitled to no relief")).  Nothing in the record indicates that this case is so unusually complex that Petitioner requires the assistance of counsel to advance his claims or that an evidentiary hearing will be required.

Similarly, the record reflects no basis to support Petitioner's request for a polygraph examination.  *See* Doc. No. 90.  Even favorable results from a polygraph examination would not assist Petitioner in establishing that he is entitled to relief in these proceedings.  Petitioner had the opportunity to testify on his own behalf at his trial and yet the jury rejected his claim of innocence.  Moreover,  a free standing claim of actual innocence fails to provide a basis for federal habeas corpus relief.

> Citing *Herrera* [*v. Collins*, 506 U.S. 390 (1993)] and *House* [*v. Bell*, 547 U.S. 518 (2006)], the Sixth Circuit has ruled that a free-standing claim of actual innocence based upon newly-discovered evidence does not warrant federal habeas relief. *See Wright v. Stegall*, No. 05-2419, 2007 WL 2566047, *2-3 (6th Cir. Sept.5, 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent"); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007); *see also Monroe v. Smith,* 197 F.Supp.2d 753, 763 (E.D. Mich. 2001) (habeas petitioner's claim that he is entitled to relief due to state trial judge's failure to grant him a new trial based on newly-discovered evidence is not cognizable in a habeas proceeding). Thus, Petitioner's claim that he is actually innocent and has newly discovered evidence to prove it does not state a claim upon which habeas relief can be granted. *See Johnson v. Hofbauer*, 159 F.Supp.2d 582, 606 (E.D. Mich.2001).

*Lardie v. Birkett,* 2008 WL 474072 (E.D. Michigan Feb.19, 2008); *see also Webb v. Wolfenbarger,*

2009 WL 369482 (E.D. Mich. Feb. 11, 2009) (same).

Petitioner's request for the appointment of counsel and for a polygraph examination, *see* Doc. No. 90, are therefore **DENIED**.

## MOTION FOR APPROPRIATE ACTION

Petitioner has filed a *Motion for Appropriate Action*, Doc. No.123, in which he asks that this Court declare his innocence of the offenses charged. Petitioner stands convicted after a jury trial which rejected this claim and his convictions have been affirmed by the United States Court of Appeals for the Sixth Circuit. Under these circumstances, this Court is without authority to grant the relief sought by Petitioner.

It is recommended that Petitioner's *Motion for Appropriate Action*, Doc. No. 123, be **DENIED.**

## MOTION FOR CORRECTION OF CLERICAL ERROR

On March 28, 2011, Petitioner filed a *Motion for Correction of Clerical Error,* Doc. No. 124, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

In this motion, Petitioner argues that his sentence must be reduced because the jury found him guilty of possession with intent to distribute cocaine base, a term that Petitioner characterizes as ambiguous and which might as easily refer to powder cocaine.

Rule 36 "confines its relief to the correction of clerical errors, oversights, and omissions." *United States v. Martin*, 72 F.3d 130, unpublished, 1995 WL 723193, at *1 (6th Cir. Dec. 6, 1995)(citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*)). Petitioner's

argument does not involve simply an alleged clerical error. Moreover, his argument plainly lacks merit.  As the jury verdict forms indicate, the jury found Petitioner guilty on Count One of possessing with intent to distribute 50 grams or more of cocaine base, "commonly referred to as crack," and on Count Two of possession with intent to distribute 100 grams or more of cocaine. *See* Doc. No. 61.  Petitioner was sentenced accordingly, Doc. No. 71, and Petitioner had the opportunity to challenge that sentence on direct appeal.

It is recommended that Petitioner's *Motion for Correction of Clerical Error*, Doc. No. 124, be **DENIED**.

## MOTION TO STRIKE

Respondent contends that Petitioner's July 22, 2008 letter to this Court, which was received as a motion to vacate under §2255, is insufficient and that the substantive claims set forth in Petitioner's October 6, 2008 form petition and November 17, 2010 filing are barred by the one-year statute of limitations.  Respondent specifically argues that Petitioner's July 22, 2008 letter fails to set forth sufficient allegations of fact so as to properly be considered a proper motion under Rule 2(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts but that the claims later set forth are untimely. Alternatively, Respondent contends that all of Petitioner's claims lack merit.  *Response of United States to Defendant's Supplement to §2255 Petition*, Doc. No. 115.

**Sufficiency of the July 22, 2008 Motion**

Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

7

> such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Rule 2(b) of the Rules Governing Section 2255 Cases in the United States District Courts requires that a petition under § 2255

> (1) specify all the grounds for relief available to the moving party;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

*Id.;* s*ee also Green v. United States*, 260 F.3d 78, 83 (2nd Cir. 2001). Thus, a petitioner must set forth factual allegations in support of his claims. *See Robinson v. United States*, 582 F.Supp.2d 919, 925 (N.D. Ohio 2008)("A motion under 2255 must consist of something more than legal conclusions unsupported by factual allegations")(citing *Owen v. United States,* 660 F.2d 696, 702 (6th Cir. 1981)). Although a court must liberally construe a petitioner's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court is not required to "conjure up" allegations on the petitioner's behalf. *King v. Johns*, 2011 WL 1278481, at *2 (N.D. Ohio April 5, 2011)(citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)("District judges are not mind readers. . . . [T]hey cannot be expected to construct full blown claims from sentence fragments")).

In his July 22, 2008 filing, Petitioner asked to vacate his March 23, 2006, sentence on the basis of prosecutorial misconduct. Petitioner alleged that the government "knowingly misled" the Court andn in support of this allegation, referred to portions of the sentencing transcript which he

characterized as false.[2]  He also asked for a new trial and a new hearing on his motion to suppress evidence based on "new evidence not available at [the] original hearing" because, he alleges, it was "wrongly withheld" by the government and because he was convicted based on "perjured testimony" by "Trooper Heath Shaner."  *See* Doc. No. 85.  The filing did not, however, indicate the nature of the evidence that had been withheld or newly discovered, nor was the conclusory allegation of perjury supported by evidence.  Petitioner also asserted that he had been denied the effective assistance of counsel on appeal because his attorney had failed to obtain a copy of a video tape of his arrest which, Petitioner contends, establishes that the government misled the United States Court of Appeals for the Sixth Circuit.  Petitioner also alleged that his appellate counsel had been ineffective because his attorney "failed to rebut the government's use of a cutting agent which was never [analyzed] or identified by the chemist.*"  Id.*  Although he offered no evidentiary support, Petitioner also alleged that the government had acted in bad faith and misled the Court regarding his pretrial and post trial cooperation.  Finally, Petitioner complained that the government or Court falsely "assum[ed]" that Petitioner tried to "'pay' someone else to 'take the rap.'" Petitioner also asked for access to sealed portions of his transcript.  *Id.*

Liberally construing Petitioner's July 22, 2008 filing, this Court concludes that that filing sets forth sufficient allegations to qualify as a motion to vacate under 28 U.S.C. § 2255.  Although Petitioner failed to sign this filing under penalty of perjury, as required under Rule 2(b), he did so in his October 6, 2008, form § 2255 petition.  That filing also clarified the nature of some of the claims raised in the July 22, 2008 filing.  *See* Doc. No. 86.  This Court will therefore address the

---

[2]  Petitioner referred to the *Sentencing Transcript*, at 4, 9, 13-14, 16-18, portions of which, he summarily alleged, are "totally incorrect" or false.

claims set forth in Petitioner's July 22, 2008 filing as clarified in subsequent filings.

**Statute of Limitations**

The Court next addresses whether Petitioner's claims are barred by the one-year statute of limitations, as argued by Respondent.  A one-year statute of limitations applies to the filing of a motion to vacate, set aside, or correct sentence:

> The limitations period shall run from the latest of-
>
> (1) the date on which the judgment of the conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment of conviction became final on October 1, 2007, *i.e.,* ninety days after the judgment of the United States Court of Appeals for the Sixth Circuit affirming Petitioner's conviction, when the time for filing a petition for a *writ of certiorari* to the United States Supreme Court expired. *See* Rule 13(1) of the Rules of the Supreme Court of the United States; *see also Clay v. United States*, 537 U.S. 522 (2003).  The statute of limitations expired one year later, on October 1, 2008.  Respondent correctly argues, therefore, that any new claims raised by Petitioner in his October 6, 2008[3] or November 17, 2010 filings are time-barred unless those claims "relate back"

_____

[3]  On October 6, 2008, Petitioner filed a motion to hold his motion to vacate in abeyance for 120 days to enable him to file a memorandum in support. Doc. No. 87.  That motion was signed by Petitioner on October 3, 2008, *see id.,* at 1, after the one-year statute of limitations had already expired.

to Petitioner's July 22, 2008 filing.  *See Mayle v. Felix*, 545 U.S. 644 664 (2005)

In *Mayle v. Felix,* 545 U.S. at 644, the United States Supreme Court held that, "so long as the original and amended petitions state claims that are tied to a common core of operative facts," untimely amendments to a habeas corpus petition will "relate back to the initial and timely filed habeas corpus petition. *Id.* at 664.  In a footnote, the Supreme Court gave examples of claims "tied to a common core of operative facts" that would relate back to the original filing:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted.

*Id*. at n.7.

Petitioner raises various claims of ineffective assistance of appellate counsel in his October 6, 2008 and November 17, 2010 filings that were not set forth in his  July 22, 2008 filing.  These claims include a claim of ineffective assistance of appellate counsel based on counsel's failure to rebut numerous (albeit unidentified) allegedly false and misleading statements made by the prosecution on appeal, appellate counsel's failure to object to the prosecution's request to waive oral argument, counsel's  refusal to file a motion for rehearing *en banc*, counsel's failure to raise on appeal a claim regarding the downward departure allegedly "promised by the Court," *see Brief in Support of §2255*, Doc. No. 114, at 8, the alleged use of false information to enhance Petitioner's sentence, the alleged use of  misleading and fabricated statements at sentencing, the trial judge's

11

alleged improper statements at sentencing and the fact that Petitioner was sentenced in connection with crack cocaine when the jury found him guilty in connection only with cocaine powder. Petitioner also asserts that the sudden death of his appointed appellate attorney "caused him to be ineffective" in pursuing Petitioner's appeal.  *See id.* at 10.

Petitioner also raised in these filings numerous claims of ineffective assistance of trial counsel that were not included in his July 22, 2008 filing.  *See Brief in Support of § 2255*, Doc. 114. For example, Petitioner complains that his trial counsel failed to object to a defective arrest warrant and affidavit and to an untimely indictment, failed to investigate the bag found in the trunk of the car or Michael Price-Day's purchase of sweat clothing, failed to raise an issue regarding chain-of-custody issues, failed to object to selective prosecution, failed to object to the status of a witness as a confidential informant, failed to object to the "LEADS" report indicating that police had checked Petitioner's driver's license three hours prior to initiating the traffic stop, failed to impeach a particular witness; failed to establish that police had searched the trunk of his car at the time of his arrest,  failed to establish that police and another witness had lied, failed to cross examine police regarding testimony that a plastic bag had been seen in plain view upon the initial approach to the car, failed to object to the prosecution's statement regarding the amount of cocaine found in the car, failed to investigate a witness' past, refused to call Darlene Law, David Coles, Michael Price-Day, and Jeff Sheets[4] as defense witnesses, failed to object to expert testimony, failed to rebut the testimony of a particular witness, that spoons are only used to inject cocaine when no hypodermic syringes were found; failed to cross examine Music's testimony,  refused to request trial by the

---

[4]  Petitioner does not indicate the nature of these persons' testimony, nor has he provided any affidavits from these persons.

Court as requested by Petitioner, employed co-counsel who had no knowledge of the case and who had failed to discuss the case with Petitioner, permitted co-counsel to "commit fraud" on the Court during opening statements, failed to rebut police testimony that 70.4 grams of cocaine powder had been recovered from Petitioner's waistband when this amount was not verified by lab reports, failed to object to the government's claim that 52 grams of cocaine had been taken from Petitioner's waistband, failed to investigate the absence of sound on the videotape of Petitioner's arrest, failed to investigate past complaints, lawsuits, false testimony and profiling by the police officers involved in this case, failed to impeach police officers who testified at the suppression hearing, failed to review or use the videotape of Petitioner's arrest at the suppression hearing, permitted co-counsel to concede that Petitioner had possessed drugs on the date of his arrest, thereby committing "structural" error, fell asleep during trial, failed to advise the Court that Petitioner wanted to replace his attorney, failed to advise the Court regarding a sleeping juror, failed to object to "staged" photographs, failed to introduce the LEADS report into evidence, failed to impeach a police witness regarding his false testimony, portrayed himself as an expert in drug cases at the time that Petitioner retained him and failed to file a motion to suppress evidence. *See id.*

Even liberally construing Petitioner's timely July 22, 2008 filing, none of these claims – articulated for the first time in Petitioner's October 2008 and November 2010 filings – were set forth in the earlier filing. Petitioner's July 2008 filing asserted only a claim of ineffective assistance of appellate counsel and that claim did not arise from the same core of operative facts as the numerous, additional claims of ineffective assistance of trial and appellate counsel made in Petitioner's October 2008 and November 2010 filings. "[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then

amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *Washington v. United States*, 2006 WL 1321024, at *7 (S.D. Ohio May 15, 2006)(quoting *United States v. Ciampi,* 419 F.3d 20, 24 (1st Cir. 2005)).

Therefore, This Court therefore concludes that claim four of the habeas corpus petition, in which Petitioner asserts the ineffective assistance of trial counsel, is time-barred.

Petitioner also raises various claims of prosecutorial misconduct in his November 2010 filing that were not referred to in his July 2008 motion.  These claims include claims of prosecutorial misconduct based on the government's alleged false statements made during trial, alleged presentment of perjured testimony;[5] use of falsely obtained evidence and staged photographs and misleading the Court regarding the quantity of cocaine or crack cocaine found.

Again, none of these claims were set forth in Petitioner's July 2008 filing, nor do any of these claims arise from the same core of operative facts as the claims raised in that initial, timely filing.  These portions of claim three, therefore, are also time-barred.

Claim six, in which Petitioner asserts that he was denied a fair trial due to judicial bias, is time-barred because no such claim was raised in a timely fashion. Moreover, this claim of judicial bias does not arise from the same core of operative facts as the claims raised in a timely fashion.

Therefore, claim six is also time-barred.

In summary, it is recommended that the Court **GRANT** in part and **DENY** in part Respondent's request that Petitioner's claims be stricken.  It is specifically recommended that claims four and six and portions of claim three as well as those portions of claim five, addressing new claims of ineffective assistance of appellate counsel, not raised in Petitioner's timely July 22, 2008

---

[5] Petitioner essentially contends that all the evidence offered against him was fabricated or a lie.

filing, be dismissed as time-barred.

## MOTION TO EXPAND RECORD

Petitioner has filed a motion to expand the record to permit – or order – review of the videotape of Petitioner's traffic stop by "Expert Legal Investigator" Attorney Wayne Scherz, as well as "any laboratory examinations [Scherz's] firm deems necessary." *Motion for Expansion of the Record,* Doc. No.118, p. 1. According to Petitioner, expert examination of this videotape will establish his claims that government witnesses lied, that police lacked probable cause for his arrest, and that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963). Respondent opposes Petitioner's request. Doc. 120.

Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts confers on the Court the authority to expand the record under certain circumstances:

 (a) **In General**. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.

(b) **Types of Materials**. The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.

(c) **Review by the Opposing Party**. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

The purpose of this rule is not only to enable the district court to dispose of petitions not dismissed on the pleadings without the time and expense of an evidentiary hearing, but also to assist the district court in determining whether an evidentiary hearing is warranted. *See Blackledge v. Allison,* 431 U.S. 63, 81 (1977). The decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the district court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.1988).

However, the discovery processes contained in the Federal Rules of Civil or Criminal Procedure do not automatically apply in habeas corpus actions. *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which addresses discovery in actions such as this, provides in pertinent part:

> (a) **Leave of Court Required**. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualified to have counsel appointed under 18 U.S.C. §3006A .

Rule 6(a). Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only " 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief....' " *Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir.2001).

Petitioner has failed to establish that he is entitled to the discovery requested by him. Petitioner's timely claims raise either an issue of prosecutorial misconduct or ineffective assistance of appellate counsel. The videotape of Petitioner's arrest is a part of the record, was viewed by the jury in determining Petitioner's guilt, and has been reviewed by this Court. Despite Petitioner's protestations to the contrary, nothing contained in that videotape, or indeed in any of the documents that have been made part of the record, support Petitioner's claims of prosecutorial misconduct or ineffective assistance of counsel, nor do they support his claim that he was falsely convicted. Most significantly, nothing before the record in this Court indicates that further examination of the videotape of Petitioner's traffic stop by an expert witness will be of assistance in resolving the

16

claims asserted in this action.

Petitioner's *Motion for Expansion of the Record,* Doc. No. 118, is therefore **DENIED.**

## MERITS

**Sufficiency of the Evidence**

In claim one, Petitioner asserts that the evidence was constitutionally insufficient to sustain his convictions.  This claim may not be considered in these proceedings.  The United States Court of Appeals for the Sixth Circuit has long held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed during a § 2255 proceeding.  *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969)(*en banc*).  A challenge to the sufficiency of the evidence upon which a defendant is convicted is an issue that can only be raised on direct appeal.  *See Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974).  In any event, the United States Court of Appeals for the Sixth Circuit has already rejected the same arguments that Petitioner raises here:

> Young attacks the sufficiency of the evidence supporting his convictions and contends that the evidence was insufficient to establish "intent to distribute" and "constructive possession," as there was no testimony of a connection between the cocaine found in Young's vehicle and any intent on the part of Young to distribute.
>
> As clearly indicated in the recent published opinion of *United States v. White*, 492 F.3d 380, 393 (6th Cir.2007):
>
> > We review sufficiency of the evidence claims to determine whether "any rational trier of fact could find the elements of the crime beyond a reasonable doubt" and, in doing so, we "view[ ] the evidence in the light most favorable to the prosecution, ... giving the government the benefit of all inferences that could reasonably be drawn from the testimony." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 589 (6th Cir.1999) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "A defendant claiming insufficiency of the evidence

17

bears a very heavy burden." *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir.1986) (quoting *United States v. Soto,* 716 F.2d 989, 991 (2d Cir.1983)) (internal quotation marks omitted).

The jury was presented with sufficient evidence to find that Young both actively possessed and constructively possessed the drugs on his person and in his vehicle, with the intent to distribute. A jury may infer that a defendant had the intent to distribute drugs from circumstantial evidence of the possession of large quantities of drugs. *United States v. Faymore*, 736 F.2d 328, 333 (6th Cir.1984). In this case, the substantial quantities of powder and crack cocaine that Young possessed, combined with the presence of baking soda in the vehicle, support the inference that Young did not possess the drugs only for personal use as he argued at trial. The government offered unrebutted evidence that the quantity of the drugs in Young's possession was more than was typical for private use. Similarly, unrebutted testimony was presented to show that baking soda, such as that which was found in the console of Young's car, is commonly used by drug dealers as a "cutting agent" to dilute cocaine and increase profits from the sale of the drug, while a mere drug user would have no reason to mix cocaine with baking soda.

Possession of large quantities of controlled substances, *i.e.*, crack cocaine and cocaine powder, is, standing alone, sufficient evidence of the defendant's specific intent to distribute, as is possession of controlled substances having a substantial street value. *United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir.), *cert. denied*, 516 U.S. 926, 116 S.Ct. 328, 133 L.Ed.2d 229 (1995); *United States v. Clark*, 928 F.2d 733, 737 (6th Cir.), *cert. denied*, 502 U.S. 846, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991).

The government introduced testimony that the street value of the crack cocaine was approximately $4,000 and the street value of the cocaine powder was also in the $4,000 range. Moreover, the government introduced testimony to the effect that the defendant possessed more than 100 grams of "cut" in the center console of the vehicle, a further indication that the defendant intended to utilize a dilutant to increase the quantity of drugs in a distribution effort.

Against that background, the absence of any direct evidence that the defendant intended to sell the drugs in his possession fails to support an argument that the evidence was insufficient to establish an intent to distribute.

18

> Counsel for Young on appeal has directed our attention to several opinions of this Court where the issue at hand was whether the evidence was sufficient to establish an intent to distribute and argues that the evidence in support of an affirmance of those challenged convictions was stronger than the evidence against Young. Specifically, Young's counsel cites *United States v. Jackson*, 55 F.3d 1219 (6th Cir.1995) and *United States v. Salgado*, 250 F.3d 438 (6th Cir.2001). The issue remains whether, in this case, any rational trier of fact could find the elements of the crimes beyond a reasonable doubt. Upon our review, we so find.

*United States v. Young,* 2007 WL 1958631, at *1-2 (footnote omitted).

Further, a § 2255 motion may not be used to relitigate an issue raised on direct appeal absent highly exceptional circumstances.  *See Dupont v. United States*, 76 F.3d 108, 110-111 (6th Cir. 1996)(citation omitted).   Such circumstances are not present here.

Petitioner's claim of insufficiency of the evidence therefore fails to provide a basis for relief.

**Prosecutorial Misconduct**

In claims two and three, Petitioner asserts that he was denied a fair trial due to the use of perjured testimony by Officer Shaner and because the prosecutor knowingly withheld exculpatory evidence.  Petitioner argues that Officer Shaner lied and that the prosecutor committed fraud on the Court; he also asserts that he is innocent and the victim of a manifest miscarriage of justice.  The nature of the evidence petitioner contends was allegedly withheld by the government is not entirely clear.  He asserts that the prosecutor improperly failed to introduce evidence that would have established that co-defendant Michael Price-Day owned the firearm and clothing containing cocaine found in the trunk of Petitioner's car.[6]  He also argues that the videotape of his arrest depicts Price-

---

[6] Petitioner states that the videotape of Petitioner's traffic stop depicts Price-Day as wearing the same style of "black urban sweat clothing" as was found in the trunk of Petitioner's car; Petitioner also contends that Price-Day had purchased the firearm one month earlier.  According to Petitioner, the prosecutor failed to disclose this evidence either to Petitioner or the jury.  *Brief in Support*, at 5.

Day wearing the same type of clothing as was found in the trunk of Petitioner's car. Petitioner complains that Officer Music testified that baking soda is used as a cutting agent (rather than to make crack cocaine from powder cocaine) and that spoons are used only to inject cocaine (rather than to turn cocaine powder into a drug that can be smoked). In short, Petitioner complains that the prosecutor made numerous misleading and false statements during opening statements and during trial, because, according to Petitioner, he is innocent of the crimes for which he stands convicted.

The scope of federal habeas corpus review of a claim of prosecutorial misconduct is narrow. A federal court does not sit as an appellate court employing supervisory powers to rectify ordinary trial error in cases before it for habeas review. *Donnell v. De Christoforo*, 416 U.S. 637 (1974). Rather, a court considers only whether the prosecutor's conduct was so egregious as to deny the petitioner fundamental fairness. *Id.* at 642-43; *Martin v. Foltz*, 773 F.2d 711, 716-17 (6th Cir.1985); *Angel v. Overberg*, 682 F.2d 605, 607 (6th Cir.1982) ( *en banc* ). This determination is made by evaluating the totality of the circumstances surrounding the case. *Angel v. Overberg*, 682 F.2d at 607.

In *Brady v. Maryland*, 373 U.S. 83, 86 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Evidence is material "[i]f there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999). "In the absence of prejudice, even assuming a violation of *Brady,* reversal is not required." *United States v. Jones*, 766 F.2d 994, 998 n.1 (6th Cir.1985)(citation omitted). The government's

failure to disclose potentially exculpatory evidence does not violate *Brady* where the defendant knew or should have known the essential facts that would permit him to take advantage of such information  or where the evidence is available from another source. *United States v. Clark*, 928 F.2d 733, 738 (6th Cir.1991) (quoting *United States v. Grossman,* 843 F.2d 78, 85 (2d Cir.1988)).

 

Additionally, a prosecutor is constitutionally prohibited from using false testimony to obtain a conviction:

> The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153.  There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998). However, a habeas petitioner must show that a witness' statement was "indisputably false,"  rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins,* 209 F.3d [486,] 517-518 [6th Cir. 2000]. A habeas petitioner has the burden of establishing a *Giglio* violation. *See Foster v. Ward*, 182 F.3d 1177, 1191 (10th Cir.1999).

*Malcum v. Burt*, 276 F.Supp.2d 664, 684 (E.D. Michigan July 30, 2003).  Petitioner has failed to meet this burden here.

Petitioner's conclusory allegations of prosecutorial misconduct and perjury by government witnesses are entirely without evidentiary support and fail to warrant relief.  Nothing in the record indicates that McDaniels, a heavy equipment operator who apparently had no connection to the police, testified falsely or had a motive to fabricate his testimony against Petitioner.   Mere

"inconsistencies in testimony, uncorroborated by factual evidence" are insufficient to substantiate

an allegation of the use of perjury. *See Ford v. United States*, 36 F.3d 1097, unpublished, 1994 WL

521119, at *3 (6th Cir. Sept. 24, 1994). None of the prosecutor's statements referred to by Petitioner

was improper. The videotape of Petitioner's arrest was admitted in to evidence, was played for the

jury and was made available to defense counsel in connection with the trial. *See Trial Transcript*,

*Volume I,* at 74-75 (government played videotape for the jury although, due to a malfunction, there

was no sound), *Government Exhibit 15-1*. Defense counsel cross examined police regarding the

absence of sound on the videotape. *See, e.g., Hearing on Motion to Suppress*, at 41-42; *Trial*

*Transcript*, at 133; 147-150. Nothing in the record supports Petitioner's allegation that the absence

of sound on the videotape was a function of prosecutorial misconduct. The record likewise fails

to reflect that any statements made during the events depicted on the videotape would have provided

exculpatory evidence. Nothing in the record demonstrates that the prosecutor improperly withheld

evidence indicating that Price-Day owned the firearm, clothing and drugs found in the bag in the

trunk of Petitioner's car. Defense counsel brought out on cross-examination that police had not

performed any fingerprint analysis on the firearm, *Trial Transcript* at 86, and made no effort to

determine where the department store "Devron," (the name on the outside of the bag) was located

or to determine to whom the bag or clothing belonged. *Trial Transcript*, II, at 20-23, 32. Further,

all of the prosecution witnesses were subject to cross-examination by defense counsel, who argued

that the drugs and clothing in the car belonged to the passengers in the car, as did the bag found in

the trunk and which contained clothes and cocaine. Defense counsel argued that the evidence

established that all three passengers in the vehicle had possessions in the trunk and that the bag and

items located therein belonged to Price-Day, not to Petitioner. *Id*. at 13, 43. In finding Petitioner

22

guilty, the jury rejected all these arguments.  Moreover, the Court notes that, regardless of whether Petitioner was able to establish Price-Day's ownership of the drugs contained in the trunk, or under the floor mat of the driver's seat of the car, he still could have been found guilty as an aider and abettor, as he was also charged.  *See* 18 U.S.C. §2.

Petitioner also alleges prosecutorial misconduct in connection with the use of Petitioner's proffer statement at sentencing.  The record reflects that, at sentencing, the government disclosed a part of Petitioner's proffer statement, but only after Petitioner had denied any knowledge of the presence of cocaine in his car:

> DEFENDANT: Just, Your Honor, I hope you do not punish me for what the other people in the car had.  I know the jury found me guilty.  I was the only one charged with it.  They didn't have anybody else to charge.  I probably would have found myself guilty if I was on the jury the way the case was.  But I just – I hate to be punished for something somebody had in my car unbeknown to me.
>
> ***
>
> MS. HAHNERT:   Well, Your Honor, with regard to Mr. Young's last statement, I think he forgets the proffer that he gave to the United States prior to his trial, which we couldn't use against him, but I can use to impeach him, in which he admitted to agents that he was transporting these individuals over a period of time to and from Columbus, transporting crack cocaine down for distribution.
>
> I am not trying to use that against him, but I am going to use it if he tries to stand in front of this Court and say that he didn't know what was there and what these people were doing because by his own admission, he was transporting them over a period of time.

*Sentencing Transcript,* at 13-14.

Petitioner signed a *Ground Rules for Proffer* letter, by which he acknowledged that his proffer statements could be used to impeach him.  *See Exhibits to Brief in Support*. Again, the record fails to support Petitioner's claim that the prosecutor improperly used Petitioner's proffer statement

against him.

At one point during the trial, the prosecutor expressed her intent to call witnesses who would testify that, while Petitioner was housed in the Ross County Jail, he approached two deputies and offered to pay them $5,000.00 if they would get a message to another inmate who would take responsibility for the drugs in the car. *Trial Transcript*, at 53.  Petitioner informed his attorney not to object to that expressed intention.  *Id*. at 54. However, the record does not indicate that the prosecutor actually called any witnesses who testified that Petitioner had attempted to bribe them, or someone else, to take responsibility for the crimes charged.  Nothing in the record supports Petitioner's claim that the prosecutor acted improperly in this regard.

As to Petitioner's complaint regarding the baking soda, the record likewise fails to support his claim of prosecutorial misconduct.  Officer Shaner testified that he found baking soda in the center console by the front seat of Petitioner's car.  *Id*. at 62.  He submitted the substance to the laboratory for testing.  *Id*.  On cross examination, Heather Collins, who tested the items recovered from Petitioner's car, confirmed that this substance was not an illegal substance, but did not "actually confirm what it was." *Id*. at 64.  However, she had previously seen similar substances used with narcotics.

> [Prosecutor]: [H]ave you ever done anything with what are called cutting agents?
>
> [Collins]: We have seen drugs that have been cut.
>
> ***
>
> Basically to cut is basically a street form.  It means to dilute the sample.  If you are going to sell it, then you will have more to sell than if you just sell the straight undiluted substance.
>
> Q.  What type of things have you encountered that have been utilized

24

> as cutting agents in narcotics?
>
> A.  I know dimethylsulfone is often used for methamphetamine.
>
> Q.  What about cocaine or crack?
>
> A.  I believe baking soda.

*Id*. at 65.  Collins was subject to cross examination on her failure to confirm the existence of baking

soda in Petitioner's car.  The record fails to reflect that the prosecutor acted improperly in submitting

this evidence at trial, or in making any argument regarding the substance or its potential use as a

cutting agent by cocaine distributors.

Finally, Petitioner refers in general terms to the sentencing transcript and asserts that the

prosecutor "mislead" the Court at sentencing.  *Motion to Vacate*, July 22, 2008, Doc. 85.  This Court

has reviewed the entire transcript of the sentencing proceedings and nothing located therein supports

Petitioner's claim.

In short, Petitioner's claim of prosecutorial misconduct is without merit**.**

**Ineffective Assistance of Appellate Counsel**

Petitioner asserts that he was denied the effective assistance of counsel on appeal. Petitioner

specifically complains that appellate counsel failed to review a copy of the videotape of the traffic

stop which, as noted, Petitioner believes establishes that the prosecutor committed fraud and

engaged in misconduct; Petitioner also complains that appellate counsel failed to contest the

government's argument that the existence of baking soda in his car constituted circumstantial

evidence of his guilt of the charges against him.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective

assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for

demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* . To establish the second prong of the *Strickland* test, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781-82 (1987). Appellate counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). The United States Court of Appeals for

the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

1. Were the omitted issues "significant and obvious?"

2. Was there arguably contrary authority on the omitted issues?

3. Were the omitted issues clearly stronger than those presented?

4. Were the omitted issues objected to at trial?

5. Were the trial court's rulings subject to deference on appeal?

6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

7. What was appellate counsel's level of experience and expertise?

8. Did the petitioner and appellate counsel meet and go over possible issues?

9. Is there evidence that counsel reviewed all the facts?

10. Were the omitted issues dealt with in other assignments of error?

11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999). This list is not exhaustive and need not produce a certain "score." *Id*. at 428.

As discussed, nothing in the videotape of Petitioner's arrest assists the defense. Additionally, and as noted by the Sixth Circuit, the quantities of drugs found in Petitioner's car, alone, constituted evidence sufficient to convict him.  Therefore, Petitioner has failed to establish prejudice either from appellate counsel's alleged failure to obtain the videotape of Petitioner's arrest, or to contest the existence of baking soda found in Petitioner's car.

In short, Petitioner has failed to establish the ineffective assistance of appellate counsel.

27

**WHEREUPON**, it is **ORDERED** that Petitioner's request for the appointment of counsel and for a polygraph examination, *see* Doc. No. 90, is **DENIED**, that Petitioner's *Motion for Expansion of the Record,* Doc. No. 118, is **DENIED**.

It is **RECOMMENDED** that  Petitioner's *Motion for Appropriate Action*, Doc. No. 123, be **DENIED,** that Petitioner's *Motion for Correction of Clerical Error*, Doc. No. 124, be **DENIED**, that Respondent's *Motion to Strike*, Doc. No. 115, be **GRANTED**, in part, and **DENIED**, in part. It is specifically recommended that claims four and six and portions of claim three as well as those portions of claim five addressing new claims of ineffective assistance of appellate counsel, not raised in Petitioner's timely July 22, 2008 filing, be dismissed as time-barred.     Finally, it is RECOMMENDED that the remainder of Petitioner's claims be **DENIED** as without merit.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

September 16, 2011