IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY YOUNG.

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent,

Civ. No. 2:08-CV-707
Cr. No. 2:04-CR-218
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On September 16, 2011, the United States Magistrate Judge recommended that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. *Order and Report and Recommendation,* Doc. No. 126. This matter is now before the Court on Petitioner's objections to that recommendation. *Brief in Support of Objection to Court's Opinion on Government Misconduct,* Doc. No 128, *Brief in Support of Ineffective Assistance of Counsel Objection,* Doc. No. 129; *Objection to Order, Report and Recommendation,* Doc. No. 130; *Brief in Support of Objection to Judicial Errors Opinion,* Doc. No. 131. The Court will consider the matter *de novo. See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

Referring to *United States v. Johnston,* 258 F.3d 361 (5th Cir. 2001), Petitioner first objects to the involvement of the Magistrate Judge in these proceedings. In *Johnston,* the parties had consented to final disposition by a magistrate judge of a § 2255 petition. The United States Court of Appeals for the Fifth Circuit held that even a consensual reference of such matters to a magistrate judge violates Article III of the Constitution. *Id.,* at 372. However, *Johnson* is simply inapposite to this case because the Magistrate Judge's recommendation is not dispositive of any of Petitioner's

claims. This objection is without merit.

Petitioner next objects to the construction of his July 22, 2008, letter as a motion to vacate under § 2255. *See* Doc. No. 85. According to Petitioner, it was his intention that this letter be construed as a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. He complains that, before construing his letter as a motion to vacate under 28 U.S.C. § 2255, the Court should have provided him notice and the opportunity to withdraw his petition, as required under *Castro v. United States*, 540 U.S. 375 (2003).

In *Castro,* the United States Supreme Court held:

> [W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion .... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion <u>for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.</u>

*Id.* at 382-83 (emphasis added). The Court concludes that, again, *Castro* is inapposite to the facts of this case. Petitioner's July 22, 2008 letter to the Court – although not captioned a motion under §2255 – began, "I would like to make motion to you to vacate the sentencing on the above case which took place on March 23, 2006." Doc. No. 85, p. 1. Moreover, Petitioner's December 4, 2008 traverse seems to reaffirm Petitioner's intention that his July 22, 2008 filing be construed as a motion to vacate under §2255: "I would like to respond to the Govern [sic] response to Rule 33 motion and 2255 Petition. . . . ." Doc. No. 90, p. 1. Under these circumstances, the Court is not persuaded that its treatment of Petitioner's July 22, 2008 filing was a "recharacterization" within the meaning of

2

*Castro*. In any event, the concerns addressed in *Castro* are not applicable here because Petitioner has not been denied the opportunity, by virtue of the Court's characterization of this letter, to file a "second or successive" motion to vacate under §2255. Furthermore, even declining to construe Petitioner's July 22, 2008 letter as a motion to vacate would not work to Petitioner's benefit. As noted by the Magistrate Judge, the statute of limitations governing the filing of motions to vacate under §2255 expired in this case on October 1, 2008. Petitioner's July 22, 2008 filing was therefore timely. On the other hand, Petitioner's formal motion to vacate, Doc. No. 86, was filed with the Court on October 6, 2008. His *Brief in Support of §2255*, Doc. No. 114, which presents yet additional claims for relief, was not filed until November 17, 2010. Both of these later filings are therefore untimely, and could not serve to bring any of Petitioner's claims before the Court except to the extent that they "relate back" to an earlier, timely, filing – such as the July 22, 2008 filing. In short, Petitioner's objection in this regard is without merit.

Petitioner argues that his October 6, 2008, form filing of a § 2255 petition was timely under the mailbox rule of *Houston v. Lack,* 487 U.S. 266, 270 (1988)(prisoner's *pro se* federal filing deemed filed on date delivered to prison authorities for mailing). The Court disagrees. The record establishes that Petitioner signed his October 6, 2008 filing on October 3, 2008. Doc. No. 86, p. 19. He therefore could not have delivered that filing to prison authorities for mailing until after the statute of limitations expired on October 1, 2008.. Further, Petitioner alleges no extraordinary circumstances that would justify equitable tolling of the statute of limitations.

That said, the Court will consider Petitioner's July 22, 2008, letter under Rule 33 of the Federal Rules of Criminal Procedure, as Petitioner now requests. Rule 33 provides:

> (a) Defendant's Motion. Upon the defendant's motion, the court may

3

> vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>
> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.[1]

The jury returned its verdict of guilty on June 7, 2005. *Jury Verdict*, Doc. No. 61. Petitioner's July 22, 2008 letter was filed more than three years later. Relief under Rule 33(b)(2) is therefore unavailable to Petitioner. A criminal defendant who seeks a new trial based on newly discovered evidence under Rule 33(b)(1) must demonstrate that new material evidence discovered after trial, which could not with due diligence have been discovered earlier, would likely have produced an acquittal. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994)(citation omitted)(citing *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)(other citations omitted).

Petitioner has failed to carry this burden. The record reflects no new material evidence that likely would have produced an acquittal. Thus, even construing Petitioner's July 22, 2008 letter as a motion for a new trial under Rule 33, that motion must fail.

This Court has also conducted a *de novo* review of the Magistrate Judge's *Order and Report and Recommendation* as required under 28 U.S.C. § 636(b) but concludes that none of Petitioner's

---

[1] Prior to December 1, 2009, Rule 33 required that motions "grounded on any reason other than newly discovered evidence" were required to be filed within seven days of the verdict or finding of guilt. *See Advisory Committee Notes, 2009 Amendments*.

4

objections to the Magistrate Judge's *Order and Report and Recommendation* are well-taken.

Petitioner objects to all of the Magistrate Judge's conclusions, raising all the arguments that he presented to the Magistrate Judge. Petitioner argues at length that law enforcement personnel lied and that essentially all of the evidence against him was false. Petitioner complains that the government illegally withheld a video tape of his traffic stop, thereby preventing Petitioner from establishing that law enforcement officials lacked probable cause to stop his vehicle. He also argues that the evidence was constitutionally insufficient to sustain his convictions and that the prosecution committed "fraud" upon the Court by misleading the jury, by knowingly submitting false testimony and by making false statements during the trial. Petitioner complains that this Court improperly denied his motion to suppress evidence and unconstitutionally sentenced him on charges upon which he was not convicted. According to Petitioner, the Court improperly refused to declare a mistrial and failed to consider issues of disparity in sentencing. He contends that, in various respects, he was denied the effective assistance of counsel.

As discussed in the Magistrate Judge's *Report and Recommendation*, the sufficiency of the evidence to support a conviction may not be collaterally reviewed in these proceedings. *See United States v. Osborn*, 415 F.2d 527, 528-29 (6th Cir. 1974). Petitioner's conclusory allegations of prosecutorial misconduct and perjury by government witnesses are entirely without support. The record fails to support Petitioner's allegation that the prosecution withheld the videotape of Petitioner's arrest, or that anything contained therein would have demonstrated Petitioner's innocence of the charges upon which he stands convicted. The record likewise fails to support Petitioner's claim of ineffective assistance of counsel.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Order and Report*

*and Recommendation*, Petitioner's objections are **OVERRULED**. The *Order and Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT**.

EDMUND A. SARGUS, JR.
United States District Judge

Date: 11-15-2011