IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:04-CR-218 |
| v. | ) | CHIEF JUDGE SARGUS |
| GREGORY YOUNG, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's *pro se Motion Requesting a Judicial Recommendation Concerning Length of Residential Re-Entry Center/Halfway House Placement.* (*Def. Mot.*, ECF No. 175.) For the reasons that follow, the Motion is **DENIED**.

Defendant Young was arrested while driving, on September 27, 2004. He was intoxicated and had been driving erratically, and numerous bags of crack and powder cocaine and a loaded gun were found in his car. He was convicted following a jury trial on two drug-related charges, and was sentenced to an aggregate term of imprisonment of 240 months under the United States Sentencing Guidelines, based in part on his criminal history (Category VI). On December 22, 2015, this Court reduced Defendant's sentence to 204 months, upon consideration of amendments to the Sentencing Guidelines. (ECF No. 166.) [1]

---

[1] Once a sentence has been imposed, 18 U.S.C. § 3582(c) generally prohibits a district court from modifying the sentence. A district court may only modify a final sentence (1) upon motion by the Director of the Federal Bureau of Prisons; (2) where the defendant's sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); or (3) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Federal Rule 35, in turn, only provides for a sentence modification (a) within

Defendant's most recent motion follows a letter he sent to the Court (ECF No. 173), seeking a recommendation from this Court concerning internal programs conducted by the Bureau of Prisons ("BOP"). In his letter, he states that he signed up for the Residential Drug Abuse Program ("RDAP"), and he seeks this Court's recommendation regarding early release.

> My problem is when I signed up [for RDAP] I was told I would receive the year off, because I didn't have a firearm violation nor did I actually receive an enhancement. Now I have been informed they have changed the rules (enclosed) and I may be eligible if I qualify for the new change and the court recommends the reduction.

(*Letter*, ECF No. 173).[2]  Similarly, Defendant's Motion seeks "a Judicial Recommendation concerning the length of Residential Re-entry Center/Halfway House Placement." (*Motion*, ECF No. 175, at p. 1.) Specifically, Defendant states that

> Petitioner needs hands-on training assistance that is available only at a Residential Re-entry Center. Petitioner acknowledges that the Court's recommendation is advisory and not binding on the BOP and only moves this Court for a recommendation for the 12 months RRC placement. Petitioner states that he is in need of the 12 month period of RRC to help reintegrate into society.

(*Id.*)

Our sister Court discussed this program in *Qaiyim v. Farley*, Case No. 1:11-cv-430, 2011 WL 3566852 (N.D. Ohio, Aug. 15, 2011), and explained:

> By statute, the BOP is tasked to provide each prisoner the opportunity to participate in residential substance abuse (RDAP) treatment in his place of confinement. *See* 18 U.S.C. §§ 3621(b), (e)(1). Two incentives are provided to prisoners who successfully complete an RDAP. First, the Director of the BOP has discretion to modify the conditions of the prisoner's confinement. *See* 18 U.S.C. §

---

14 days after sentencing to "correct a sentence that resulted from arithmetical, technical, or other clear error," or (b) upon the Government's motion if the defendant provided substantial assistance in investigating or prosecuting another person. *See* Fed. R. Crim. P. 35.

[2] Enclosed with the letter is the referenced *Notice to Inmates, Residential Drug Abuse Program, 18 U.S.C. § 3621(d) Early Release*. The Notice explains the changes to Title 28 of the Code of Federal Regulations, Chapter V, implementing the language of the new rules. The Change Notice is issued for Program Statement 5331.02, Early Release Procedures, at § 550.55(b).

3621(e)(2)(A). Second, and at issue here, the statute provides that certain prisoners may be eligible for early release from their sentences. Specifically, the statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C. § 3621(e)(2)(B).

> Whether early release is granted is, as the permissive "may" suggests, clearly at the discretion of the BOP. *See Lopez v. Davis,* 531 U.S. 230, 241 (2001). Therefore, the BOP retains the discretion to deny early release even where a prisoner successfully completes the RDAP. *See McLean v. Crabtree,* 173 F.3d 1176, 1182 (9th Cir.1999); *Orr v. Hawk,* 156 F.3d 651, 653–54 (6th Cir.1998).

*Id.* at **1-2.

As the Court noted above, the Supreme Court has held that the BOP has discretion under 18 U.S.C. § 3621 to promulgate regulations, including regulations categorically denying the early release incentive associated with RDAP to prisoners who possessed a firearm in connection with their offenses, and that it was reasonable for the BOP to do so. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). In the case *sub judice*, Defendant does not claim that he has been denied early release consideration; rather, he asks this Court to make a recommendation to the BOP. Such an action is outside of this Court's role, particularly in light of the clear grant of discretion to the BOP to promulgate regulations and implement any early release incentive programs.

Accordingly, the relief sought in Defendant's Letter (ECF No. 173) and Motion (ECF No. 175) is **DENIED**.

**IT IS SO ORDERED.**

10-27-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3